UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FELICIA M. CAVANAGH,<br><br>              Plaintiff,<br>   v.<br>NEVADA STATE MILITIA<br><br>             Defendant. | Case No. 3:24-cv-00196-ART-CSD<br><br>ORDER<br><br>(ECF Nos. 11, 13) |

      Plaintiff Felicia Cavanagh filed suit under the Freedom of Information Act (FOIA) against Defendant Nevada State Militia (Nevada National Guard) for failing to provide her with documents she requested for over a year before filing suit. (ECF No. 1.) On May 8, 2024, Plaintiff filed proof that she served a summons on Defendant on May 3, 2024. (ECF No. 6.) Defendant has not entered an appearance, and Plaintiff has filed for default judgment and damages. (ECF Nos. 11, 13.) The Court orders Plaintiff to provide proof of service upon Defendants and orders the Nevada National Guard to enter an appearance in this matter.

      Plaintiff seeks medical and personnel records under FOIA for her deceased daughter who was a member of the Nevada National Guard. (ECF No. 1.) Plaintiff has filed a complaint, several exhibits, and motions for default. Defendant Nevada National Guard has not made an appearance. Plaintiff's motion for damages remarks that "Defendant will cite that there were potentially errors in how they were served the documents and request avoidance of a Default determination." (ECF No. 13.)

      This Court is responsible for ensuring that Plaintiff has adequately served

Defendants. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). At the same time, the federal rule governing service of process, Fed. R. Civ. P. 4, is "a flexible rule that should be liberally construed." *Id.*

Federal Rule of Civil Procedure 4(i) governs service of process for agencies of the United States. For purposes of the federal FOIA statute, the Nevada National Guard is a United States agency. *See In re Sealed Case*, 551 F.3d 1047, 1049 (D.C. Cir. 2009). Rule 4(i) provides as follows:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
> **(1)** *United States.* To serve the United States, a party must:
>
>> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>>
>> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>
>> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>
>> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> **(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

2

  **(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

  **(4)** *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

    **(A)** serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

    **(B)** serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Liberally construing Rule 4 for a *pro se* litigant, courts must extend parties reasonable time to cure failure to properly serve agencies of the United States. *See Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984); *see also* Fed. R. Civ. P. 4(i)(4).

Accordingly, the Court grants Plaintiff until Friday, December 27, 2024, to provide proof of proper service upon the Nevada National Guard.

Additionally, the Court dismisses Plaintiff's motion for default judgment and motions to assign damages (ECF Nos. 11, 13) without prejudice.

Additionally, the Court orders the Nevada National Guard to enter an appearance upon receipt of actual notice of Plaintiff's complaint or this order.

DATED THIS 29th day of October, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3