UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FELICIA M. CAVANAGH,<br><br>    Plaintiff,<br>  v.<br>NEVADA STATE MILITIA,<br><br>    Defendant. | Case No. 3:24-cv-00196-ART-CSD<br><br>ORDER<br>(ECF No. 20) |

Plaintiff Felicia Cavanagh filed suit under the Freedom of Information Act (FOIA) against Defendant Nevada National Guard for failing to provide her with documents she requested from the agency. (ECF No. 1.) The agency moved to dismiss Cavanagh's complaint for failing to exhaust administrative remedies. (ECF No. 20.) The Court agrees but declines to dismiss the complaint. Instead, the Court stays the case while Cavanagh appeals or refiles her FOIA request.

**I.      Factual and Procedural Background**

In March 2023, Plaintiff Felicia Cavanagh's daughter Allison Bailey died after being other-than-honorably discharged from Defendant Nevada National Guard ("NNG"). Days after Bailey's death, Cavanagh requested all of Bailey's records from NNG, and NNG provided Bailey's service records. (ECF No. 1 at 6.) Cavanagh alleges that the records provided did not include Bailey's "med-board" or documents related to her Article 15 proceedings.[1] (*Id.*)

Cavanagh requested records related to Bailey's Article 15 proceedings and medical board from NNG. (ECF No. 1 at 6.) NNG has not yet provided these

---

[1] Article 15 proceedings are nonjudicial disciplinary proceedings. *Turner v. Dep't of Navy*, 325 F.3d 310, 312 (D.C. Cir. 2003). A medical board ("med-board") is an evaluation through which officials determine if a servicemember is subject to a medical discharge. *See Meyer v. United States*, 127 Fed. Cl. 372, 374 (2016).

documents to Cavanagh. Because Cavanagh's ability to sue in this Court depends on timing, the Court recites the relevant timeline from the Complaint and attached exhibits.

On May 4, 2023, Cavanagh requested these records from the NNG Records Department. (ECF No. 1 at 10.) NNG acknowledged receipt eleven days later. (*Id.* at 12.)

On May 31, 2023, Cavanagh filed two more FOIA requests for emails relating to Bailey in email accounts for three NNG officials between 2020 and 2023 and records from Bailey's medical boards. (*Id.* at 17–23.) These requests were received by NNG around one week later and assigned case numbers. (*Id.* at 17.) Over the next several months, Cavanagh sought updates on her requests. (*Id.* at 27, 30, 32.) NNG representatives responded that responsive records had been located, and they were being reviewed by the legal department. (*Id.* at 28, 30, 32.)

In February 2024, NNG formally declined Cavanagh's requests. To Cavanagh's request for medical records and Bailey's Article 15 proceedings, NNG said that it had already provided "a complete copy of Allison Bailey's service records." (*Id.* at 35.) To Cavanagh's request for emails mentioning Bailey, the NNG said that it "failed to locate any documents that would be responsive." (*Id.* at 37.) Both responses explained how to administratively appeal the decision to NNG's Adjutant General. (*Id.* at 35, 37.) Cavanagh acknowledges that she understood she could appeal the NNG's responses. (*Id.* at 8.) Instead, three months later, Cavanagh filed suit in this Court to admonish the NNG for declining to comply with her records requests.

In response to the briefing in this case, Cavanagh filed an addendum in which she alleges additional, relevant facts. She alleges that Adjutant General Waters met with Nevada State Senators to show them documents related to Allison Bailey's Article 15 proceedings. (ECF No. 26 at 1.) She alleges that Waters

2

did so to discourage them from supporting legislation promoted by Cavanagh related to NNG disciplinary proceedings. (*Id.*) Cavanagh also alleges that she never received these documents. (*Id.* at 2.) Further, Cavanagh alleges that NNG Captain Marcus showed a transcript of Allison Bailey's "Separation Board" to a reporter from the *Reno Gazette Journal*, which Cavanagh also allegedly had never received. (*Id.* at 2.)

## II.  Standard of Review

When deciding a motion to dismiss a complaint, courts "accept as true all well-pleaded allegations and construe them in the light most favorable to the non-moving party." *Hampton v. Cal.*, 83 F.4th 754, 761 (9th Cir. 2023) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *O'Brien v. Welty*, 818 F.3d 920, 933 (9th Cir. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). *Pro se* filings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up, internal quotation marks omitted).

FOIA reflects Congress's recognition that "government transparency is critical to a functioning democracy." *Yagman v. Pompeo*, 868 F.3d 1075, 1078–79 (9th Cir. 2017) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151–52 (1989)) (cleaned up). FOIA requires administrative exhaustion, though it is "a prudential rather than jurisdictional consideration," and a court may waive that requirement, if, for example, the court finds that exhaustion would be futile." *Aguirre v. NRC*, 11 F.4th 719, 725 (9th Cir. 2021) (citing *Yagman*, 868 F.3d at 1083–84).

## III.  Analysis

NNG argues that Cavanagh has failed to exhaust her administrative

remedies by not appealing its denial of her FOIA request, and that the futility exception does not apply. Cavanagh argues that the exception applies.

### A. Exhaustion Requirement

NNG argues that Cavanagh has failed to meet FOIA's exhaustion requirement.

FOIA requires federal agencies, including state components of the National Guard, to disclose information to the public upon request. *See In re Sealed Case*, 551 F.3d 1047, 1049 (D.C. Cir. 2009). After receiving a FOIA request, an agency "has twenty working days to decide whether to comply and inform the requester of its decision." *Aguirre*, 11 F.4th at 725 (citing 5 U.S.C. § 552(a)(6)(A)(i)). Final responses under FOIA must include "the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse." *Corbett v. TSA*, 116 F.4th 1024, 1028–29 (9th Cir. 2024) (internal citations omitted).

There are two avenues to judicial review of a FOIA request. First, if the agency fails to respond to a request within twenty days, the requester may sue in federal court before a decision. 5 U.S.C. § 552(a)(6)(C)(i). Second, if the requester is dissatisfied with the agency's response, she may sue the agency in federal court after exhausting "available administrative remedies, including an appeal within the agency." *Id.* (citing 5 U.S.C. § 552(a)(6)(A)(i)–(ii), (C)(i)).

In the Ninth Circuit, "if an agency responds after the twenty-day statutory deadline and before the requester files a complaint in federal court, the requester 'in essence waives [the] right to immediately sue.'" *Corbett*, 116 F.4th at 1028 (citing *Aguirre*, 11 F.4th at 725). In such cases, the requester must appeal the denial unless an exception applies, for instance, if exhaustion would be futile. *Id.* (citing *Aguirre*, 11 F.4th at 725; *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 63–64 (D.C. Cir. 1990).

4

1    NNG's final response included its decision not to comply with the request, its reasons for its decision, and notice of Cavanagh's right to appeal. Although NNG took longer than twenty days to respond to Cavanagh's requests, Cavanagh did not file this lawsuit until three months after NNG's final response. Accordingly, under *Corbett*, Cavanagh waived the right to immediately sue unless an exception to the exhaustion requirement applies. *See* 116 F.4th at 1028.

### B. Futility Exception to Exhaustion Requirement

Cavanagh argues that appealing NNG's response to the agency would be futile. NNG responds that Cavanagh has not alleged facts showing that exhaustion would be futile.

Cavanagh's allegations do not show that it would be futile to appeal. From a FOIA plaintiff's point of view, "it may indeed appear futile to . . . exhaust their administrative remedies," but requiring exhaustion also gives the agency a chance to develop a better record, as well as "to exercise its discretion and expertise." *See In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986) (denying futility argument in failing to exhaust FOIA remedies). If Cavanagh had appealed NNG's rejections, the Court would have a clearer record from which to glean the agency's rationale. Accepting as true Cavanagh's allegations that the Adjutant General and another official possessed documents that Cavanagh had not received, it does not follow that an adverse decision was certain. *Agua Caliente Tribe of Cupeño Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1219 (9th Cir. 2019) (administrative remedies not futile when agency has provided some responses and communicated with requester); *see also Aguirre*, 11 F.4th at 727–28 (same).

The Court, however, will continue to exercise jurisdiction over this case. In *Yagman*, the Ninth Circuit directed the district court to stay the case while the requester worked with the agency to reword the FOIA request. *See* 868 F.3d at 1084. For this case to continue, Cavanagh may either exhaust administrative remedies for her first request, or she may refile her original requests—or

reformulated requests—with NNG. The Court will stay these proceedings until then. If NNG fails to respond within the statutory period, Cavanagh may ask this Court to remove the stay and continue forward in the case.

### IV. Conclusion

Accordingly, the Court DENIES Defendant's motion to dismiss.

The Court instructs the Clerk to STAY the case pending Plaintiff's exhaustion of administrative remedies.

The Court orders the parties to meet and confer within thirty days of this order to discuss whether NNG will permit Cavanagh to appeal its earlier decisions. Otherwise, Cavanagh may refile a request while the case is stayed.

The parties must file a status report within 45 days of this order to inform the Court of whether Cavanagh is appealing the original responses or refiling her requests.

DATED THIS 21st day of August, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

6